# SUPREME COURT

#### OF THE

# STATE OF LOUISIANA.

———◀◍▶———

WESTERN DISTRICT....SEPTEMBER TERM, 1828.

———◀ 0 ◍———

*CORMIER & AL.* vs. *RICHARD & AL.*

APPEAL from the court of the fifth district— the judge of the 7th presiding.

MARTIN, J. delivered the opinion of the court. The petition states that L. Richard bought a tract of land from Gerard and wife, for two thousand five hundred dollars, payable in two equal instalments, in May 1823 and 1824, with the privilege of postponing payment during three years, on paying interest at the rate of ten per cent. a year; and on the same day he and the other defendants executed their joint and several notes to Gerard for

*An attorney does not disclose professional secrets when he deposes to the plea he was directed to file in court.*

WesternDis. that sum, payable by two equal instalments
Sept.1828.
on the same days; and no part thereof being
CORMIER & paid on the last day of May, 1824, Gerard
AL,
*vs:*
RICHARD & brought suit against the defendants, who avail-
AL,
ed themselves of the stipulation made in the
act of sale in favor of the vendees, and Gerard
dismissed his suit. Afterwards, Gerard and
wife transferred the notes to the present plain-
tiffs, who now prayed for judgment against the
defendants, with legal interest from the judi-
cial demand; and farther, against L. Richard,
interest at ten per cent. on each instalment,
from the time it became due, until the judicial
demand, and then at five per cent.

The general issue was pleaded; but the
execution of the notes was admitted. There
was judgment for the plaintiff, with interest $a_t$
five per cent. They appealed.

As to L. Richard, the only question is, whe-
ther the notes created a novation of the debt,
resulting from the act of sale. We think they
did not. The debtor was not discharged;
because such discharge must be express,
and is not to be implied.

The judge *a quo* has thought there was no
evidence connecting the debt resulting from
the notes with that resulting from the act of

sale. It is in evidence that when these three
defendants were sued on their notes, they employed an attorney to resist the claim, on the
ground that the amount of the notes was the consideration of the sale, and the vendee had the faculty of postponing payment during three years, on paying interest at the rate of ten per cent.

To the testimony of the witness who deposed to the fact (the attorney) there is a bill of exceptions It was objected that the attorney came to disclose professional secrets. We think the district court did not err in overruling this objection. The direction to resist the claim on the ground stated, was not a secret confided to the attorney, since he was to spread the opposition on the record.

The testimony leaves no doubt on our minds that the allegation in the petition, that the notes were given for the price of the land, is duly proved. The defendant, L. Richard, was therefore bound to pay interest at ten per cent. but as an interest at five per cent. has been allowed, he owes only an additional interest at five per cent. from the original days of payment until the judicial demand, as prayed for.

Western Dis,
*Sept.* 1828,

CORMIER &
AL,
*vs,*
RICHARDS &
AL

As to the other two defendants, the judgment is according to the prayer of the petition.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that the plaintiffs recover from the defendants two thousand three hundred and ninety-four dollars; a credit of one hundred and six dollars being admitted, with legal interest from the judicial demand; and further, from the defendant, L. Richards, an additional interest of five per cent. on eleven hundred and forty-four dollars, from the last day of May, 1823, and on twelve hundred dollars, from the last day of May, 1824, up to the judicial demand: the defendants paying costs in both courts.

*Lesassier* and *Bowen* for the plaintiffs— *Brownson* for the defendants.